IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARIE MYRNA TRAYLOR,<br><br>                    Plaintiff,<br>v.<br><br>GARY HERBERT, JEANETTE HERBERT,<br>MATTHEW B. DURRANT, et al.,<br><br>                    Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:14-cv-616 CW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Brooke Wells |

This matter is referred to the undersigned by Judge Waddoups pursuant to 28 U.S.C. 636(b)(1)(B).[1] Plaintiff Marie Traylor, who is acting pro se, filed a complaint alleging *inter alia*, grand theft auto, deprivation of constitutional rights, conspiracy to deprive Plaintiff of constitutional rights and failure to protect Plaintiff from deprivation of her constitutional rights.[2] Each of the Defendants has filed motions to dismiss or a motion for judgment on the pleadings.[3] Ms. Traylor has responded to these motions.[4]  After considering the motions, memoranda and the record in this case, the undersigned recommends that the motions be granted and this matter be dismissed.

**BACKGROUND**

Plaintiff brings this lawsuit under 42 U.S.C. Sections 1343, 1938, and 1985, alleging that Defendants have violated various constitutional rights.[5]  Plaintiff's claims arise out of a traffic

---

[1] Docket no. 27.

[2] Docket no. 1.

[3] Docket no. 18, docket no. 25, docket no. 39, docket no. 44.

[4] Order dated 1 June 2015 construing Ms. Traylor's motions as responsive memoranda, docket no. 53.

[5] Complaint ¶2, docket no. 1.

stop that occurred on or about June 24, 2014 while Plaintiff was driving on Utah State Highway 56 without a driver's license.  Plaintiff's car was not registered in the State of Utah and she was operating it with license plates of her own design.  Plaintiff also had no proof of insurance. Plaintiff alleges that during the stop she was arrested by a county deputy sheriff and ordered to obtain a driver's license, that "an act of Grand Theft Auto" was committed against her when she was forced under armed threat to surrender her automobile to Always Towing by direction of Deputy Sheriff Seirup and that her vehicle was held for "a ransom Tax."  In addition her vehicle was sold under the "Color, Custom and Usage of the Utah State Vehicle Code," all in violation of due process.[6]  Plaintiff alleges the vehicle registration license is a "Title of nobility"[7] and the orders against her violated Article 1 Section 10 of the Constitution violating the provision against a state entering into a "treaty, alliance, or confederation."[8]

Defendants move to dismiss this case pursuant to Rule 12(b)(6) and Rule 12(c).

## STANDARDS

Because Plaintiff is acting *pro se* the court construes her pleadings liberally and holds the submissions to a less stringent standard than that for formal pleadings drafted by lawyers.[9]  "[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements."[10]  But, it is not the court's responsibility to assume

---

[6] *Id.* ¶19.

[7] *Id.* ¶20

[8] *Id.* ¶21.

[9] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972)..

[10] *Hall v. Bellmon*, 935 F.2d 1106,  1110 (10th Cir. 1991).

the role of advocate for Plaintiff.[11]  The broad reading of Plaintiff's Complaint does not relieve

her of the burden of "alleging sufficient facts on which a recognized legal claim could be

based."[12]  And finally, often a pro se litigant is given an opportunity to remedy the defects in

their pleadings,[13] but such an opportunity is unnecessary "when it is 'patently obvious' that the

plaintiff could not prevail on the facts alleged, and allowing . . . an opportunity to amend [the]

complaint would be futile."[14]

     Federal Rule of Civil Procedure 12(c) allows a party, at any point after the pleadings are

closed, to move for judgment on the pleadings.[15]  The court reviews a Rule 12(c) motion for

judgment on the pleadings under the same standard that governs a Rule 12(b)(6) motion to

dismiss for failure to state a claim upon which relief can be granted.[16]  In evaluating such a

motion, the court must accept all well-pleaded allegations in the complaint as true and construe

them in the light most favorable to the plaintiff.[17]

     Rule 12(b)(6) provides that a court should dismiss a case if the complaint fails "to state a

claim upon which relief can be granted."[18]  When evaluating a motion to dismiss under Rule

12(b)(6), the court "must accept all the well-pleaded allegations of the complaint as true and

must construe them in the light most favorable to the plaintiff."[19]  To withstand such a motion to

---

[11] *See id.*

[12] *Id.*

[13] *See e.g., Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990); *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1140 (10th Cir. 1985).

[14] *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991).

[15] Fed. R. Civ. P. 12(c).

[16] *See Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003).

[17] See *Ramirez v. Department of Corrections*, 222 F.3d 1238, 1240 (10th Cir. 2000) (citing *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 556 (10th Cir. 1999)).

[18] Fed. R. Civ. P. 12(b)(6).

[19] *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10ht Cir. 1996).

dismiss, "a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'"[20]  The Supreme Court has provided that two working principles underlie this standard.

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Thus, mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice; a plaintiff must offer specific factual allegations to support each claim. In other words, a plaintiff must offer sufficient factual allegations to raise a right to relief above the speculative level.  Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the [ ] court to draw on its judicial experience and common sense.  Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable.[21]

The Tenth Circuit has stated that this pleading requirement serves two purposes: (1) "to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense," and (2) "to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of 'a largely groundless claim.'"[22]  The Supreme Court has noted that the plausibility standard seeks something more than "a sheer possibility of unlawful conduct" explaining that

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.[23]

---

[20] *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir.2011) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[21] *Kansas Penn Gaming*, 656 F.3d at 1214 (internal citations and quotations omitted) *see also Twombly*, 550 U.S. at 55, 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009.

[22] *Kansas Penn Gaming*, 656 F.3d at 1215 (quoting *Pace v. Swerdlow*, 519 F.3d 1067, 1076 (10th Cir. 2008) (quoting *TWombly*, 550 U.S. at 557 )).

[23] *Kansas Penn Gaming*, 656 F.3d at 1215 (quoting *Iqbal*, 556 U.S. at 678 (internal quotations omitted)).

In applying this standard the Tenth Circuit instructs that "plausibility" refers to "the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[24]  "The nature and specificity of the allegations required to state a plausible claim will vary based on context."[25]  Therefore to prevail in this matter Plaintiff "must offer enough specific factual allegations to 'nudge [her] claims across the line from conceivable to plausible.'"[26]

With these principles in mind the court now turns to the look at the Complaint and the motions before it.

## DISCUSSION

Plaintiff brings this lawsuit under 42 U.S.C. Sections 1343, 1938, and 1985, alleging that Defendants have violated various constitutional rights.[27]  Plaintiff's claims arise out of a traffic stop that occurred on or about June 24, 2014 while Plaintiff was driving on Utah State Highway 56 without a driver's license.  Plaintiff's car was not registered in the State of Utah and she was operating it with license plates of her own design.  Plaintiff also had no proof of insurance.

Plaintiff seeks general damages from each Defendant in the amount of $20,000 and punitive damages in the amount of $35,000, payable in money redeemable in gold or silver.[28]

[24] *Id.* (quoting *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570)).

[25] *Id. see e.g., Gee v. Pacheco*, 627 F.3d 1178, 1185 (10th Cir. 2010).

[26] *Id.* at 1219 (quoting *Twombly*, 550 U.S. at 570).

[27] Complaint ¶2, docket no. 1.

[28] *Id.* ¶¶63-66.

5

Plaintiff further demands "a 2014 Mustang of her choice," and seeks that this court orders the State of Utah to allow and institute Peoples Grand Juries.[29]

## I.      Rule 12(b)(6) Motions

### A.  State Defendants and their Spouses

Defendants Gary Herbert, Matthew B. Durrant, Daniel J. Becker, Raymond H. Wahl, and Brent M. Johnson (State Defendants) and Jeanette Herbert, Jaclyn Huish, Elaine Becker and Shana L. Wahl (Spouses) move to dismiss Plaintiff's Complaint pursuant to Federal Rule 12(b)(6).

Plaintiff brings this lawsuit under 42 U.S.C. Sections 1343, 1938, and 1985, alleging that State Defendants have violated various constitutional rights.[30]  These claims include: 1) Defendants Mr. Durrant, Mr. Becker, Mr. Wahl, and Mr. Johnson, as part of "the Black Robe Rico Type Conspiracy of extortion and obstruction," acted in concert with the Utah State Legislature to deny Plaintiff access to a "Peoples Grand Jury" in violation of the Fifth Amendment;[31] 2) State Defendants Mr. Durrant, Mr. Becker, Mr. Wahl, and Mr. Johnson have imposed cruel and unusual punishment on Plaintiff in violation of the Eighth Amendment by the mental stress placed upon Plaintiff as a result of State Defendants denying Plaintiff access to a "Peoples Grand Jury;"[32] and 3) State Defendants have inflicted peonage and involuntary servitude on Plaintiff in violation of the Thirteenth Amendment.

Plaintiff also alleges that State Defendants conspired to deprive Plaintiff of constitutional rights and failed to protect Plaintiff from conspiracy to deprive Plaintiff of her constitutional

---

[29] *Id.* ¶¶67, 73.

[30] Compl. ¶ 2, docket no. 1.

[31] *Id.* ¶¶29, 31.

[32] *Id.* ¶37.

rights.  Against the Spouses, Plaintiff alleges the Spouses are "Socialist-Premiers, enjoying and living on the Largess and Unlawful spoils . . ." brought home by the State Defendants and that the Spouses have "failed, refused or neglected to protect Plaintiff from the conspiracy of [State Defendants] . . . ."[33]  And, that such a failure "constitutes[s] an overt act of conspiracy to refuse to protect Plaintiff."[34]

State Defendants and their Spouses argue they are entitled to qualified immunity concerning Plaintiff's Fifth, Eight and Thirteenth Amendment claims as well as Plaintiffs Section 1985 conspiracy claims.  These Defendants further argue that Plaintiff cannot establish a Fifth, Eight or Thirteenth Amendment violation.

In opposition Plaintiff argues that in "common law the Defendants claim to qualified immunity fails because the Plaintiff can demonstrate Fifth, Sixth, Seventh, Eight, Tenth, Thirteenth, and Fourteenth Amendment also section 1985 code violations."[35]  Plaintiff then goes on to quote from various cases including *inter alia*, *Miranda v. Arizona*,[36] *Olmstead v. United States*,[37] *Connolly v. Union Sewer Pipe Co.*,[38] and *Hurtado v. People of the State of California*.[39]

Plaintiff further argues that "[w]hen the Defendants set aside the law as they have done with 42 U.S.C. §1985 it becomes a matter of Constitutional jurisdiction."[40]  In support of this argument Plaintiff again cites to numerous cases.

---

[33] *Id.* ¶¶57-58.

[34] *Id.* ¶59.

[35] Op. p. 11, docket no. 32.

[36] 384 U.S. 436 (1966).

[37] 277 U.S. 438 (1928).

[38] 184 U.S. 540 (1940).

[39] 100 U.S. 516 (1884).

[40] Op. p. 12.

Finally Plaintiff points to numerous sections of the United States Constitution raising various arguments from servitude or slavery being forbidden to powers being reserved to the states or to the people.[41]

The undersigned has carefully considered Defendants' motion, Plaintiff's response and the Complaint and agrees with Defendants arguments.  Plaintiff has failed to establish a violation of a constitutional right even under a broad reading of her Complaint.  Therefore Defendants are entitled to qualified immunity.  When a state official asserts qualified immunity, he creates a rebuttable presumption that he is immune from the plaintiff's section 1983 claims.[42]  Two elements exist in the qualified immunity analysis—first, whether, under the facts alleged by the plaintiff, the government officials violated a constitutional right, and second, whether the right at issue was "'clearly established' at the time of the defendant's alleged misconduct . . . ."[43]  "If the plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendant qualified immunity."[44]  Plaintiff has failed to satisfy the first prong of the analsyis.

In addition, Plaintiff's Complaint fails to establish violations under the Fifth, Eighth or Thirteenth Amendments to the United States Constitution.  As noted earlier, in applying the plausibility standard if the scope of the allegations are so general that they would encompass a wide swath of conduct, much of it innocent, then Plaintiff has not nudged her claims across the line from conceivable to plausible.[45]  Here, the conduct of the Spouses would fit within this definition because Plaintiff asserts that the Spouses joined in the "unlawful dissipation of assets

---

[41] Op. p. 16-25.

[42] *See Medina v. Cram*, 252 F.3d 1124, 1129 (10th Cir. 2001).

[43] *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citing *Saucier v. Katz*, 553 U.S. 194, 201 (2001)).

[44] *Holland v. Harrington*, 268 F.3d 1179, 1186 (10th Cir. 2001).

[45] *See Kansas Penn Gaming*, 656 F.3d at 1215; R*obbins*, 519 F.3d at 1247.

or attempted conveyances of property"[46] yet they were not involved in the facts as alleged in the Complaint.  Further, the conduct of the CEO of the towing company would be considered innocent.[47]

 In short, the State Defendants and Spouses motion should be granted.

## B. Iron County Defendants

 Defendants Candace Reid, Craig Reid, Brent Dunlap, Margaret Miller, Jack Miller, Mark Gower, Tracy Gower, Brian Seirup, and Erika Seirup (Iron County Defendants), move to dismiss, with prejudice, Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6).[48]  These Defendants assert that Plaintiff's Complaint fails to state a claim upon which relief may be granted because they enjoy qualified immunity and did not violate any of Plaintiff's constitutional rights.

 In response Plaintiff makes the same arguments raised in opposition to the State Defendants and their Spouses.[49]

 The court adopts the analysis set forth above and finds the Iron County Defendants are entitled to qualified immunity and that they also did not violate any of Plaintiff's constitutional rights.  The Iron County Defendants motion therefore should be granted.

## C. Defendant James R. Miller

 Defendant James Miller moved to dismiss Plaintiff's Complaint pursuant to Federal Rule 12(b)(6).[50]  Mr. Miller alleges he is not an owner of All Ways Towing and was not involved in any of the alleged acts set forth by Plaintiff in her Complaint.

---

[46] Complaint ¶ 16-17.

[47] *Id.* at ¶15.

[48] Docket no. 25.

[49] Op. p. 2, docket no. 32; *see also* docket no. 33.

[50] Docket no. 44.

In opposition Plaintiff does not attempt to refute these arguments.  Rather, Plaintiff cites to general standards courts use in considering a *pro se* complaint.[51]  Plaintiff also sets forth alleged principles from constitutional law, the jurisdiction of this court and principles of comity. None of these arguments are applicable and they fail to provide any basis for the court to not grant Defendant James Miller's 12(b)(6) motion.  The court therefore recommends that it be granted.

## II.    Rule 12(c) Motion

Defendant Leann Miller moves for judgment on the pleadings pursuant to Federal Rule 12(c).[52]  As noted previously, the court reviews a Rule 12(c) motion for judgment on the pleadings under the same standard that governs a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.[53]  In evaluating such a motion, the court must accept all well-pleaded allegations in the complaint as true and construe them in the light most favorable to the plaintiff.[54]  The court may dismiss a complaint under Rule 12(c) only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[55]

Here after carefully reviewing Plaintiff's Complaint the court finds there is no set of facts that entitle her to relief.  In short her claims such as "Grand Theft Auto" and "conspiracy" fail as a matter of law.  Accordingly, Defendant Leann Miller's motion should be granted.

---

[51] Op. p. 2, docket no. 52.

[52] Docket no. 39.

[53] *See Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003).

[54] See *Ramirez v. Department of Corrections*, 222 F.3d 1238, 1240 (10th Cir. 2000) (citing *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 556 (10th Cir. 1999)).

[55] *Ramirez v. Dep.'t of Corrections*, 222 F.3d 1238, 1240 (10th Cir. 2000) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### III.     Other Considerations

Often a pro se litigant is given an opportunity to remedy the defects in their pleadings,[56] but such an opportunity is unnecessary "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing . . . an opportunity to amend [the] complaint would be futile."[57]  Here, the court finds that based upon the facts in the Complaint allowing Plaintiff an opportunity to amend would be futile.  Much of Plaintiff's Complaint is lengthy difficult to comprehend rhetoric that fails to express a conceivable claim under the law or establish a constitutional violation.  Therefore, the undersigned finds it is appropriate to dismiss her Complaint without allowing further opportunity to amend.

---

[56] *See e.g., Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990); *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1140 (10th Cir. 1985).

[57] *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991).

## RECOMMENDATION

Based upon the foregoing, the court recommends that Defendants' Motions to Dismiss be granted and the Motion for Judgment on the Pleadings be granted.  Ms. Traylor's Complaint should be dismissed and there is no need to allow for an opportunity to amend.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object.  Any objection must be filed within 14 days after being served with a copy.[58]  Failure to object may constitute a waiver of objections upon subsequent review.


DATED this 17 September 2015.


Brooke C. Wells
United States Magistrate Judge

---

[58] *See* Fed. R. Civ. P. 72(b)(2).