IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MYRNA M. TRAYLOR,<br><br>    Plaintiff,<br><br>v.<br><br>GARY HERBERT, JEANETTE HERBERT, MATTHEW B. DURRANT, et al.,<br><br>    Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:14-cv-00616<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Brooke Wells |

This case began when an Iron County Sheriff's Deputy stopped Plaintiff Myrna Traylor and issued her a citation for driving an unregistered vehicle without a driver's license or proof of insurance. As a result of the traffic stop, Ms. Traylor claims she was arrested, ordered to obtain a driver's license, and forced to submit her vehicle to a towing company. (Dkt. No. 1, p. 4). Ms. Traylor's vehicle was also apparently sold after it was impounded. (*Id.*). Ms. Traylor filed suit in federal court, asserting that various Iron County officials, members of the state judiciary, the CEO of the towing company, and these defendants' spouses violated her due process rights, improperly denied her access to a grand jury, violated her right to be free from cruel and unusual punishment, and subjected her to "peonage and involuntary servitude" in violation of the Thirteenth Amendment. (*Id.*, pp. 5–8). She further claims the defendants conspired to violate her constitutional rights in contravention of 42 U.S.C. § 1985. (*Id.*, p. 7). Finally, she claims that the impounding and sale of her vehicle constitutes "Grand Theft Auto." (*Id.*, p. 3).

The case was assigned to United States District Court Judge Clark Waddoups, who then referred it to United States Magistrate Judge Brooke Wells pursuant to 28 U.S.C. § 636(b)(1)(B).

Judge Wells issued a Report and Recommendation, recommending that the court dismiss Ms. Traylor's complaint without providing her the opportunity to amend. (Dkt. No. 57). Judge Wells reasoned that Ms. Traylor's complaint failed to establish any plausible constitutional violation, and that amendment would be futile. (*Id.*). Ms. Traylor objected to the report and recommendation, but failed to do so within the required time period. *See* Fed. R. Civ. P. 72(b)(2) (providing that a party has fourteen days to object to a report and recommendation and that failure to do so may constitute a waiver of objection).[1] Despite Ms. Traylor's failure to timely object, the court reviews the Report and Recommendation de novo. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). After conducting de novo review, the court agrees with Judge Wells that Ms. Traylor's complaint fails to allege any plausible constitutional violation.

For instance, Ms. Traylor has no constitutional right to travel in an unregistered vehicle without a driver's license or proof of insurance. *See Reitz v. Mealey*, 314 U.S. 33, 35 (1941), *overruled in part on other grounds by Perez v. Campbell*, 402 U.S. 637, 652–54 (1971) ("The use of the public highways by motor vehicles, with the consequent dangers, renders the reasonableness and necessity of regulation apparent. The universal practice is to register ownership of automobiles and to license their drivers."); *Hendrick v. Maryland*, 235 U.S. 610, 622 (1915) (holding that a state may prescribe regulations related to the operation of motor vehicles on its highways, including registration and licensing requirements). And in Utah, law enforcement officers are entitled to initiate a traffic stop on the basis of an improperly registered vehicle and impound the vehicle accordingly. *See, e.g.*, *State v. Hygh*, 711 P.2d 264, 268 (Utah 1985) (recognizing that an officer can impound a vehicle when the vehicle is improperly registered). Moreover, the State is entitled to sell impounded vehicles in certain circumstances.

---

[1] Ms. Traylor filed her objection to Judge Wells's Report and Recommendation on October 14, 2015, twenty-seven days after the Report and Recommendation was filed. (*See* Dkt. 63).

*See* Utah Code Ann. § 41-1a-1103 (providing that the state is entitled to sell a vehicle if the owner has not retrieved it within thirty days after impounding). Ms. Traylor's complaint provides nothing to suggest any defendant's actions during the traffic stop, impounding of her vehicle, or the vehicle's subsequent sale were improper. Furthermore, Ms. Traylor has no federal constitutional entitlement to grand jury proceedings in the state court, *see, e.g.*, *Hurtado v. California*, 110 U.S. 516 (1884), nor has she pled any facts that would support constitutional claims for cruel and unusual punishment or "peonage and involuntary servitude."

Finally, Ms. Traylor's complaint fails to allege a plausible claim that any defendants conspired to deprive her of her constitutional rights in violation of 42 U.S.C. § 1985. Section 1985 identifies three instances in which individuals may be liable for civil conspiracy: (1) where there is a conspiracy to prevent an officer from performing his or her duties, (2) obstruction of justice through intimidating a party, witness, or juror, and (3) where there is a conspiracy to deprive a person or class of persons of the equal protection of the laws. With respect to subsection (3), the Supreme Court has clarified that "that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" to state a claim under § 1985. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Although the precise basis for Ms. Traylor's civil conspiracy claim is unclear, it is apparent her complaint fails to allege sufficient facts to support any theory of § 1985 liability. Indeed, Ms. Traylor's complaint is devoid of any facts to show that any defendant prevented any officer from performing his or her duties or otherwise obstructed justice. Likewise, Ms. Traylor does not assert facts illustrating that any defendants' actions were in any way motivated by class-based, invidiously discriminatory animus against her.

For all these reasons, the court hereby APPROVES AND ADOPTS Judge Wells's Report and Recommendation (Dkt. No. 57) in its entirety and dismisses Ms. Traylor's complaint with prejudice. The case is closed.

SO ORDERED this 10th day of November, 2015.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge

4